20020

Clarke W. ADICKES, II, et al., Respondents, v. Avery S. ADKINS et al., Appellants

(215 S. E. (2d) 442)

*Messrs. Whaley, McCutchen & Blanton,* of Columbia, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondents,*

*Messrs. Whaley, McCutchen* and *Blanton,* of Columbia, *for Appellants,* in Reply.

May 28, 1975.

LITTLEJOHN, Justice:

Prior to July 1, 1973, the entire membership of the First Presbyterian Church of Rock Hill (an eleemosynary corporation), and the church itself, was an integral part of Bethel Presbytery and of the Presbyterian Church in the United States. On July 1, 1973, certain members of the congregation of the First Presbyterian Church of Rock Hill, being dissatisfied with the Presbyterian Church in the United States, proposed a resolution which was adopted by a vote of 295 in favor and 87 against. That resolution recited that the congregation wished to free itself of its present denominational affiliation and concluded by resolving "that it do withdraw from the Presbytery of Bethel and the Presbyterian Church in the United States and by so doing does sever itself and its properties from all relationship with said bodies."

On the same day the minister, who was among those voting with the majority, notified the Stated Clerk of the Bethel Presbytery that the First Presbyterian Church of Rock Hill had severed its relationship with Bethel Presbytery and the Presbyterian Church in the United States, and supplied the clerk with a copy of the resolution. Also, on the same day, the minister addressed another communication to the Stated Clerk of the Bethel Presbytery, notifying the clerk that he (the minister) had united with Calvary Presbytery. Calvary Presbytery is a part of the National Presbyterian Church and not the Presbyterian Church in the United States.

On July 7 a committee of members who remained loyal to the church (the 87) communicated with the Bethel Presbytery, expressing their loyalty to the denomination and to

the Presbytery. Subsequently, the Bethel Presbytery recognized the loyal group as the First Presbyterian Church of Rock Hill.

Thereafter, the Bethel Presbytery notified the majority group (the 295) that they no longer possessed any right or authority pertaining to the First Presbyterian Church of Rock Hill. The majority group was further directed to turn over to the Judicial Commission of the Bethel Presbytery all evidence of ownership of the church property, real and personal, along with the church files and records.

The plaintiffs allege that they are members and officers of the First Presbyterian Church of Rock Hill, and that they bring this action individually, as representatives of a class of all ruling elders, and for all the members of the First Presbyterian Church of Rock Hill who are loyal and remain subject to jurisdiction of Bethel Presbytery and the Presbyterian Church in the United States. The plaintiffs speak for the minority group.

The defendants are alleged to be representative of a class of ruling elders, deacons and members of a group or organization purporting to be the First Presbyterian Church of Rock Hill. They are in essence the majority group, who approved the resolution referred to hereinabove, and who seceded.

The church as it existed prior to July 1, 1973, owned real estate and personal property consisting, among other things, of funds in various banking institutions.

Since its inception First Presbyterian Church of Rock Hill has been a member church of the Presbyterian Church in the United States (a parent organization), and of the Bethel Presbytery (an organization of several local Presbyterian churches).

Plaintiffs ask that the Court hold (1) that the plaintiffs and the class which they represent, are, and do comprise, the First Presbyterian Church of Rock Hill, and (2) that

they are entitled to full and exclusive possession of the real and personal property and investment accounts of such church, and (3) that the defendants, who have renounced all allegiance to the Bethel Presbytery and the Presbyterian Church in the United States, be required to vacate such property and be enjoined from disturbing the plaintiff's peaceful possession and the use of such property and funds.

The defendants admit that the purpose of the resolution of July 1, 1973 was to sever their connection with the Bethel Presbytery and the Presbyterian Church in the United States. It is their contention that they, being the majority, are entitled to take over and control the properties.

The basic question for the Court is: Which of these two competing groups comprises the First Presbyterian Church of Rock Hill?

The lower court ruled that the plaintiffs (the minority) were entitled to the relief they sought and to the properties. The defendants (the majority) have appealed.

The appellants have obviously appreciated the fact that the ruling they seek is contrary to our holding in the case of *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956). They have asked, and have been granted, permission pursuant to § 10 of Rule 8 of this Court to attack or argue against that case, thereby seeking a review, modification and overruling, or a distinction. After hearing argument of counsel and reviewing applicable authorities, we adhere to our ruling in *Bramlett.*

In *Bramlett* the same basic issue was before this Court. Therein we stated the question to be as follows:

"When a congregation of the Presbyterian Church decides in a congregational meeting, duly called and held in the manner prescribed by the form of government of the Presbyterian Church, to withdraw from the Presbytery of which it is a member, and from the Presbyterian Church in the United States, are they entitled to keep the property

of the church as against the claim of a minority group who did not vote to withdraw but remained loyal to such Presbyterian Church?''

In that case the McCarter Presbyterian Church, of the Enoree Presbytery, had a membership of 67. The vote to withdraw was 38 to 2. The members remaining loyal were 11. This Court held:

"When a division occurs in a church congregation, which is always unfortunate, the question as to which faction is entitled to the church property is answered by determining which of the factions is the representative and successor to the church as it existed prior to the division or schism, and that is determined by which of the two factions adhere to or is sanctioned by the appropriate governing body of the denomination. It is a question of identity.

"The appellants cannot now comprise McCarter Presbyterian Church because they have seceded and disassociated themselves by their voluntary action and vote, from any connection with Enoree Presbytery and the Presbyterian Church in the United States. They are now engaged in worship as an independent church."

Counsel for appellants, in the first attack on the order of the lower court, has strived vigorously to distinguish this case from *Bramlett* by arguing that the Presbyterian Church in the United States is congregational and not connectional insofar as matters of property are involved. It is conceded that the Book of Church Order, which is the controlling authority of the Presbyterian Church in the United States and, in turn, the Bethel Presbytery and the First Presbyterian Church of Rock Hill, has remained unchanged insofar as any issue in this case is concerned. We think that counsel has failed to point out any distinction between this case and *Bramlett* which would warrant a different result. In *Bramlett* we discussed at length and cited many authorities controlling the cardinal issue involved in that case. The same result is required in the case at bar.

Counsel also argues the lower court should be reversed because "neutral principles of law" require that the property in question should be in the possession and control of the appellants as representing the majority of the members of the First Presbyterian Church of Rock Hill, an eleemosynary corporation. For this proposition appellants rely largely on the case of *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U. S. 440, 89 S. Ct. 601, 21 L. Ed. (2d) 658 (1969). A review of that case convinces us that it is of no comfort to the appellants here and certainly it does not require a result contrary to *Bramlett*. By a determination of this case, this Court exercises no roll in determining ecclesiastical questions. We merely settle a dispute on the question of identity, which in turn necessarily settles a dispute involving the control of property. The second question raised by the appellants is without merit.

By the third question appellants submit that the order of the lower court violated their rights guaranteed by the Establishment and Due Process clauses of the Constitutions of the United States and of South Carolina. The appellants voluntarily associated themselves with the First Presbyterian Church of Rock Hill and became subject to the discipline and government of the Presbyterian Church in the United States. They voluntarily severed their connection, and when they did they forfeited any right to the use and possession of the property of that church under the long established law of the church and of South Carolina. Due process has not been denied the appellants. By joining the First Presbyterian Church of Rock Hill the members did not acquire such an interest in the property that they are entitled to take with them upon seceding. The property belonged to the First Presbyterian Church of Rock Hill before the members joined the church, and it belongs to the same after they have withdrawn. They simply are not now a part of that church. There is nothing in the ruling of the lower court, nor in our ruling today, which establishes,

sponsors, advances, or supports either the religious belief of the majority or the minority in this case. This Court has traditionally avoided any intrusion upon religious matters and has confined its rulings in such cases to identifying the faction which represents the church after a schism occurred. We have accepted the findings of the appropriate church judicatory as to the matter of identity. In so doing, we apply neutral principles of law referred to in *Hull*.

Appellants next contend that the respondents, and/or the Bethel Presbytery, and/or the Presbyterian Church in the United States, have waived any right to control the property in question, and are estopped from asserting control over said property. On these issues the appellants, by asserting them, have assumed the burden of proof. The lower court was convinced that the burden of proof had not been carried. We cannot say that the finding of the lower court is not warranted by the record.

In their last question appellants assert that the lower court erred in failing to sustain the demurrer to the complaint. It is contended that the matter cannot be settled unless the eleemosynary corporation as such is made a party. It is argued that the Bethel Presbytery, the Synod of the Southeast, and the Presbyterian Church in the United States are necessary parties to the action. The argument overlooks the undisputed fact that neither of these have any property rights dispute with either the minority or the majority group. Concededly, the property belongs to the First Presbyterian Church of Rock Hill. That church, and the eleemosynary corporation in which title is vested, has no dispute with anyone. Not even the appellants argue that the property does not belong to the First Presbyterian Church of Rock Hill. The conflict is between the minority and the majority groups solely on the question of identity.

The right of the minority to bring this action and to obtain relief cannot be seriously contested in the light of our ruling on the same point in *Bramlett*.

Affirmed.

Moss, C. J., and Lewis and Ness, JJ., concur.

Bussey, J., concurs in result.