This case involves a complaint by individuals who claim they were wrongfully expelled from membership in their church, and, church monies were misappropriated by the minister and church secretary. The complaint prays for an order requiring a congregational election to determine whether the minister should resign, and for an accounting of church monies by the secretary. The trial court granted a motion to dismiss.
We reverse.
Appellants, plaintiffs below, filed an action alleging they are members of the Abyssinia Missionary Baptist Church; and that defendants, Reverend Nixon, pastor of the church, and Susie Hollinhead, secretary of the church, refused to hold a meeting of the congregation to discuss the mishandling of church monies. In two amendments, plaintiffs allege they were wrongfully expelled from membership in the church; that defendants misapplied church monies and refused to hold an election, at the request of a majority of members of the church, for the purpose of determining who has the right to control church property. The court was asked to order an election by the congregation to determine whether Reverend Nixon should resign as pastor and to order Susie Hollinhead to account for church monies.
Nixon and Hollinhead filed motions to dismiss, accompanied by affidavits sworn by members in good standing of the church, alleging that plaintiffs were in attendance at a church meeting held sixty days before this action was commenced at which plaintiffs were expelled from membership in the church by a majority vote of the congregation. The decree of the trial court granting the motion to dismiss states, as grounds, that plaintiffs have no standing to bring this action and, even assuming they do, the *Page 748 
court has no jurisdiction to decide the matter. It is not clear from the trial court's order whether the affidavits, matters outside the pleadings, were considered and the motion treated as one for summary judgment. Rule 12 (b), ARCP. Plaintiffs appeal from the judgment of dismissal.
As is apparent from the preceding this case involves a dispute within a Baptist Church congregation in Jefferson County.
As is the case with all churches, the courts will not assume jurisdiction, in fact has none, to resolve disputes regarding their spiritual or ecclesiastical affairs. However, there is jurisdiction to resolve questions of civil or property rights.Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952).
This court takes cognizance of the well established case law of this State pertaining to the Baptist Church and the limited nature of this State's courts' jurisdiction over the business transacted within the Baptist Church.
In a Baptist Church, the congregation rules. The majority of the members of the church control the business of the church, and the minority must submit to the will of the majority.Williams, supra. Defendants contend the law of Alabama is that the business of the courts is not to determine who ought to be members of a church, nor whether dismissal is just or unjust, but to accept expulsion as conclusive proof of nonmembership.Mount Olive Primitive Baptist Church v. Patrick, 252 Ala. 672,42 So.2d 617 (1949).
A more accurate reflection of present Alabama law on this subject is found in In re Galilee Baptist Church, 279 Ala. 393,186 So.2d 102 (1966); also involving a dispute between two opposing factions, and the alleged expulsion of the pastor at a congregational meeting. This court demonstrated it is proper for the courts to inquire whether a congregational meeting, at which church business is to be transacted, was preceded by adequate notice to the full membership, and whether, once called, the meeting was conducted in an orderly manner and the expulsion was the act of the authority within the church having the power to order it.
Once the court is presented with sufficient evidence regarding the regularity of the meeting, it will then generally refuse to inquire further as to the fruits of the meeting. As was stated in Galilee:
 "* * * Spiritualities are beyond the reach of temporal courts, and a pastor may be deposed by a majority of the members at a congregational meeting at any time, so far as the civil courts are concerned, subject only to inquiry by the courts as to whether the church, or its appointed tribunal has proceeded according to the law of the church. * * *"
We recognize here there are civil, as opposed to ecclesiastical, rights which have cognizance in the courts. A determination of whether the fundamentals of due process have been observed can be made in the judicial arena.
The trial court erred when it dismissed this action, on a 12 (b) motion, on the grounds that the court lacked jurisdiction and plaintiffs lacked standing. Plaintiffs are entitled to present evidence as to the proper established procedures of the Baptist Church on the issue of the validity of expulsion from membership.
The judgment dismissing the action is set aside and the cause remanded for further proceedings.
REVERSED AND REMANDED.
BLOODWORTH, JONES and ALMON, JJ., and SIMMONS, R.C.J. (Retired Circuit Judge sitting by designation of the Chief Justice), concur. *Page 749