Defendants appeal from the final order in a declaratory judgment action in which title to certain property in dispute was declared to rest with plaintiff/appellee Apostolic Overcoming Holy Church of God, Inc. (AOHCGI). We affirm the judgment of the lower court.
The case arose from these facts:
AOHCGI is an Alabama religious corporation structured hierarchically with individual local churches joined as affiliate members. Defendant appellants are trustees of the 35th Avenue Church of God, formerly known as the North Birmingham Apostolic Overcoming Holy Church of God, and formerly one of the aforementioned affiliates of AOHCGI.
The tract of land which is the subject of the dispute in this case was purchased in the name of the "Trustees of Apostolic Overcoming Holy Church of God" by defendants in 1978. Later, the congregation became known as the North Birmingham A.O.H. Church of God. This group had previously practiced its religion at a different location under the name Greenlee Heights A.O.H. Church of God. The purchase of the property in issue was necessitated when a tornado destroyed the Greenlee Heights Church building in 1977.
The Greenlee Heights A.O.H. Church of God was an affiliate of the plaintiff AOHCGI, and the congregation remained so affiliated at the time it purchased the property in question and changed its name to North Birmingham A.O.H. Church of God. In accord with this affiliation, prior to the closing of the purchase of the property the closing documents were first submitted to AOHCGI for approval.
The property was not purchased with AOHCGI funds, however. The total purchase price of the land was $45,000.00. The seller was given a purchase money mortgage for $25,000.00 and a $20,000.00 payment in cash. The mortgage designated the "Trustees of Apostolic Overcoming Holy Church of God" as "mortgagors," and Michael Johnson, Virgil Davis, and John Hamilton signed on behalf of the mortgagors. AOHCGI had knowledge of this mortgage.
Most of the cash payment was provided by Rev. H.K. Harris and his wife, Mary J. Harris, one of the appellants herein. The Harrises acquired this cash by mortgaging their own home. The aforementioned Johnson, Davis, and Hamilton signed both a note and a mortgage agreement for $15,778.83 each, listing the Harrises as promisees and mortgagees respectively. A similar note/mortgage combination was issued to the Harrises for the lesser amount of $5,000.00. There is no evidence that AOHCGI had knowledge of these notes and mortgages to the Harrises.
In 1982, the defendants had disagreements with AOHCGI and withdrew from affiliation with the central organization. The defendants changed the name of their church to "The 35th Avenue Church of God." The present dispute arose over the ownership of the above-mentioned North Birmingham property purchased by the defendants in 1978. AOHCGI filed a declaratory judgment action seeking a determination of its ownership of the property. The case was presented in an oral hearing and the trial court made the following determinations: 1) The original deed acquired upon purchase of the North Birmingham property conveyed title to appellee AOHCGI; 2) the purchase money mortgage securing the original $25,000.00 debt is a binding obligation of AOHCGI; 3) the mortgages and notes given to the Harrises to secure the *Page 387 
cash payment made by them are not the obligation of AOHCGI.
Our review of the judgment of the trial court is limited by the ore tenus rule. Since the lower court heard oral testimony, this court must sustain the findings of fact produced below, unless they are clearly or palpably wrong or without supporting evidence, or are manifestly unjust. Sterling Oil of Oklahoma v.Pack, 291 Ala. 727, 287 So.2d 847 (1973).
The trial court heard the testimony of twelve witnesses in this case. The record on appeal comprises seven volumes. The final judgment includes seven pages of findings of fact. After a review of the record, we cannot say that the trial court's findings of fact are clearly or palpably wrong, without supporting evidence, or manifestly unjust. Therefore, we will not set aside these factual determinations.
Similarly, after analyzing the principles of law applicable to this case, we find that the lower court correctly applied these principles in reaching its decision.
It is established that the civil courts cannot adjudicate religious disputes concerning spiritual or ecclesiastical matters, but nevertheless, the courts can resolve disputes concerning property rights. Trinity Presbyterian Church ofMontgomery v. Tankersley, 374 So.2d 861 (Ala. 1979). The First Amendment to the U.S. Constitution prohibits the resolution of such property disputes on the basis of religious doctrine and practice, however. Jones v. Wolf, 443 U.S. 595, 99 S.Ct. 3020,61 L.Ed.2d 775 (1979). The Alabama civil courts must use "neutral principles of law" in adjudicating church property cases, Tankersley, supra, at 866, and proper subjects of consideration in this adjudication include the deeds, state statutes governing the holding of church property, the local church's charter, and the general church's constitution. Jones,supra.
The plaintiff AOHCGI operates under rules and guidelines contained in a manual entitled "Discipline and Doctrine of the Apostolic Overcoming Holy Church of God, Inc." In regard to ownership of property, the manual contains this provision:
 7. All property acquired by all churches, whether local or otherwise, is owned by the Apostolic Overcoming Holy Church of God, Inc. and if same is not in the name of Apostolic Overcoming Holy Church of God, Inc., then same shall immediately and forthwith be placed in the name of the said property is held in trust by the party or parties in whom said property is in the name of for the Apostolic Overcoming Holy Church of God and its use and benefit until said property is conveyed to Apostolic Overcoming Holy Church of God, Inc. [sic]
The manual also contains the following provision which applies to members of an AOHCGI affiliate who terminate their membership:
 13. If any members of the Apostolic Overcoming Holy Church of God, Inc. leave or cease to be members of the Apostolic Overcoming Holy Church of God, irrespective of the amount or number thereof, the fact that they leave or cease to be a member of the Apostolic Overcoming Holy Church of God shall not, in any manner, affect the property of the said church, and said party or parties or persons leaving the congregation or membership of the Apostolic Overcoming Holy Church of God, in any manner, cannot and shall not take any property of the Apostolic Overcoming Holy Church of God, in any manner, and all church property, irrespective, whether acquired by the local congregation, local church or otherwise, is the property of the Apostolic Overcoming Holy Church of God, Inc.
Therefore, under the guidelines of the central organization, the North Birmingham property purchased by the defendants is owned by AOHCGI if the defendants were affiliated with the plaintiff organization. Additionally, the severance of the defendants from affiliation with AOHCGI would have had no effect on the ownership of the property. *Page 388 
The trial court construed the deed obtained in the 1978 purchase of the North Birmingham property and found that it conveyed title to AOHCGI. Since AOHCGI had title to the property, the defendants could not gain title by breaking away from the central organization and becoming a separate church.
The trial court found that the AOHCGI rules required approval by the central organization before a local affiliate could purchase or sell property. Based on this finding, the court held that AOHCGI is liable for the remaining debt secured by the original purchase money mortgage of $25,000.00, because the central church had knowledge of this arrangement. AOHCGI had no knowledge, on the other hand, of the mortgages and notes issued by the defendants to the Harrises. The court held that AOHCGI was not responsible for these debts. These determinations of AOHCGI's liability are in accord with the facts as found by the court and with the rules of AOHCGI.
We find that the circuit court was correct in holding that AOHCGI is the owner of the property in question. Defendants acquired the land as an affiliate of AOHCGI. They cannot now seek title to the property, having severed their relationship with AOHCGI.
For all of the above-stated reasons, the judgment of the Circuit Court of Jefferson County is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.