PER CURIAM.
This case involves a dispute between members of the Clio Baptist Church (“the Church”).
Fred E. Bacher, Jr., Kenneth L. New, and Bobby Long, were the pastor, assistant pastor, and song leader, respectively, of the Church. Prior to November 13,1991, there had been a dispute in the Church concerning a proposed day-care center at the Church that was to be operated by Bach-er’s and Long’s daughters.
Bacher placed in the church bulletin a notice that there would be a special business meeting on November 13, 1991. The purpose for the meeting was to call for a vote of confidence for the pastor and to exercise church discipline over two of the four deacons of the church and six chairpersons of various church committees.
Seventy-eight members attended the meeting, which was moderated by Pastor Bacher. During the discussion at the meeting, 34 members left and went to a separate part of the church. Those 34 members held their own meeting. All 34 members voted against retaining Bacher as pastor. At the- meeting held by Pastor Bacher, 42 members voted in favor of Bacher and voted to place 2 deacons on the inactive list and to remove 6 chairpersons from their respective committees. Two of the members at Bacher’s meeting abstained from voting.
On November 18, 1991, Bobby Ray Cox (one of the 34 members who left the November 13, 1991, meeting), petitioned for a temporary restraining order (“TRO”) prohibiting Bacher, New, and Long from performing any duties as pastor, assistant pastor, and song leader, respectively. On the date set for a hearing on the petition, all parties agreed to quash the TRO and agreed to a judicially supervised vote. (R.T. 60-62.) The parties also agreed that *1031 the propriety of any contested votes would be decided by the trial judge.
On December 4, 1991, the members of the Church voted on whether to retain Bacher, Long, and New. The vote was 59 in favor of retaining them and 58 against. Several church members, the plaintiffs, challenged certain votes cast in favor of Bacher. Specifically, they claimed that Bacher, his wife, two of his children, and his son-in-law should not have been allowed to vote, claiming it to be against church custom to allow the pastor or his family to vote on matters directly affecting them. Also, New’s family and Long’s family voted in violation of church custom, according to the plaintiffs. The plaintiffs also claimed that one of the voters was not a member of the Church, but in fact was a Lutheran. The plaintiffs contended that Mr. and Mrs. Lee Pelfry were members of the Church on December 4, 1991, but were not permitted to vote.
The plaintiffs sued Bacher, New, and Long, alleging that they were wrongfully holding church staff positions and claiming that they had been misusing church funds. The plaintiffs petitioned for a TRO and a preliminary injunction prohibiting the defendants from continuing as officers in the Church. After a hearing, the trial court found that: (1) the plaintiffs had standing; (2) it had been a violation of church practices and procedures for the pastor and his wife to vote in the December 4 election; (3) the correct vote from the December 4, 1991, election was 58 in favor of dismissing Bacher, New, and Long and 57 in favor of retaining them; and (4) Bacher, New, and Long had wrongfully held their positions at the Church since December 4, 1991.
The trial court ordered that the defendants leave their respective offices and ordered an accounting of church funds. The trial court also ordered that the board of deacons in place on November 12, 1991, be reinstated. The defendants appeal.
At the outset, we note that civil courts cannot adjudicate religious disputes concerning spiritual or ecclesiastical matters, but the courts can resolve disputes concerning civil or property rights. Trinity Presbyterian Church of Montgomery v. Tankersley, 374 So.2d 861 (Ala.1979), cert. denied, 445 U.S. 904 (1980). Certainly, in this case, where both sides agreed to let the court determine the eligibility of the voters, this Court has the authority to hear the case.
The issue before us is whether the trial court erred in determining who was eligible to vote, according to the traditions and customs of the Church.
A party appealing from a grant or denial of a preliminary injunction bears a heavy burden, because a trial court’s decision to grant or deny a preliminary injunction will not be disturbed on appeal absent an abuse of discretion. Adams v. Farlow, 516 So.2d 528 (Ala.1987), cert. denied, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988).
The defendants have failed to establish that the trial court abused its discretion in determining the eligibility of certain voters. The trial court heard testimony from two experts. A former pastor of the Church, Dr. Tim Harvey, stated that according to the traditions and rules of the church neither a pastor nor his wife should vote on matters affecting the pastor’s position. Chris Doss, the director of the Center for the Study of Law and the Church at Samford University and general counsel to the Alabama Baptist State Convention, testified that according to customs and rules of the church that the pastor and the staff and members of their families should not be allowed to vote on matters directly affecting them. The trial court also heard testimony from the defendants and other members of the Church.
The evidence supported the court’s ruling; therefore, the trial court did not abuse its discretion. We affirm its judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.