24366. PRESBYTERIAN CHURCH IN THE UNITED STATES et al. v. EASTERN HEIGHTS PRESBYTERIAN CHURCH.
24367. PRESBYTERIAN CHURCH IN THE UNITED STATES et al. v. MARY ELIZABETH BLUE HULL MEMORIAL PRESBYTERIAN CHURCH.

DECIDED APRIL 14, 1969—REHEARING DENIED MAY 8, 1969.

*Frank S. Cheatham, Jr., King & Spalding, Robert B. Troutman, A. Felton Jenkins, Jr., Charles L. Gowen,* for appellants.

*Owen H. Page, Frank B. Zeigler, Richard T. Cowan, James E. McAleer,* for appellees.

GRICE, Justice. The judgments of this court of January 18, 1968 (*Presbyterian Church in the United States v. Eastern Heights Presbyterian Church,* and *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 224 Ga. 61 (159 SE2d 690)), which affirmed the judgments of the Superior Court of Chatham County, were on January 27, 1969, reversed by the Supreme Court of the United States, 393 U. S. 440 (89 SC 601, 21 LE2d 658). In its mandate to this court, the Supreme Court of the United States ordered that "these causes be remanded to the Supreme Court of the State of Georgia for further proceedings not inconsistent with the opinion of this court."

Upon return of the cases to this court, in response to our request, counsel for the appellants and for the appellees have filed briefs as to further proceedings by this court.

When the cases were before us for review (224 Ga. 61, supra), we affirmed the judgments of the trial court, which were based on jury verdicts in favor of the local churches' claims to the

local church property after they had withdrawn from the general church, charging it with departure from its original tenets of faith and practice.

■ Under Georgia law, insofar as churches with a connective form of government are concerned, there has been implied a trust on local church property for the benefit of the general church, but as a part of this rule the implied trust has been conditioned on the general church adhering to its tenets of faith and practice existing at the time of affiliation by the local church. See *Mack v. Kime,* 129 Ga. 1 (58 SE 184, 24 LRA (NS) 675); *Code* § 22-408. In our review of these cases, we applied this rule of law.

However, the United States Supreme Court, in reviewing our decision, held that although civil courts are the proper forum for resolving property disputes, the First Amendment to the United States Constitution forbids them from determining ecclesiastical questions in the process. For this reason, it reversed our decision, stating that "the departure-from-doctrine element of Georgia's implied trust theory can play *no* role in any future judicial proceedings."

This being the case, the entire theory must fall. Since Georgia chose to adopt the implied trust theory *with* this element as a condition, this court must assume that it would not have adopted the theory without this mode of protecting the local churches.

Therefore, a part of the rule having been stricken, the remainder falls with it, and there is no implied trust on the property in controversy. There was no other basis for a trust in favor of the general church, none being created by the deeds on the property, implied under the statutes of this State (*Code* §§ 108-106, 108-107), or required by the constitution of the general church. It will be remembered that the general church put no funds into this property.

■ We are thus brought to a determination of where the legal title lies, which determination civil courts can make.

As to this the facts shown by the record are not in dispute.

The Eastern Heights Church initially in 1930 acquired a part of its property from the Independent Presbyterian Church of

Savannah by a deed naming as grantee "Eastern Heights Presbyterian Church, a religious corporation." Two other tracts were later obtained by it, the deeds thereto designating as grantees certain persons as "Trustees of the Eastern Heights Presbyterian Church, and their successors in office," one of these providing that the property was to be held in trust "for the use and benefit of the congregation of the Eastern Heights Presbyterian Church."

The Hull Memorial Church acquired a portion of its property in 1914 by a deed naming the Mary Elizabeth Blue Hull Memorial Presbyterian Church as grantee and reciting that the property was to be used as a place of worship by a church of the Presbyterian denomination known as the named church. Subsequently other property was conveyed to it by deeds also naming the Hull Memorial Church itself as grantee.

In view of the foregoing, the legal title to the property is in the respective local churches.

We make this disposition of these cases rather than remand them to the trial court. See in this connection, *Georgia Power Co. v. City of Decatur*, 181 Ga. 187 (182 SE 32), affirmed 297 U. S. 620 (56 SC 606, 80 LE 925).

Therefore, the judgments of the trial court are

*Affirmed. All the Justices concur.*