## 28106. HICKMAN v. BOOKER.

SUBMITTED JULY 20, 1973 — DECIDED SEPTEMBER 20, 1973.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellant.
*Ted D. Spears,* for appellee.

NICHOLS, Justice. ■ The original complaint alleged facts which authorized the grant of the ex parte restraining order. The plaintiff's right to the benefits of his office as pastor of the Trinity African Methodist Episcopal Church were allegedly being interfered with in violation of the provisions of the 1968 AME Discipline. While courts of equity will not generally interfere with the internal affairs of a church (*Edwards v. Thomas,* 204 Ga. 766 (51 SE2d 855)), yet where property rights are involved, equity will take jurisdiction, and in the present case where the plaintiff's salary as pastor of the Trinity AME Church was ordered stopped by the primary defendant, Hickman, equity has jurisdiction and the judgment entering the ex parte order shows no error.

■ The evidence adduced on the hearing to determine if the ex parte restraining order should be continued as a temporary injunction was conflicting based upon affidavits filed in the case and such judgment shows no reversible error.

■ The temporary injunction prohibited the defendants from taking any action to interfere with the plaintiff's performance of his duties or drawing his salary as pastor of the Trinity AME Church "until further order of the courts." The evidence on the hearing for alleged contempt by the defendant authorized a finding that the defendant Hickman did interfere with the plaintiff by making a speech and calling for a vote at an annual conference of the AME Church for North Georgia.

The contention is made that such procedure (the vote taken at the annual conference) was the legal method under the 1968 discipline of the AME Church to remove the plaintiff and, therefore, the defendant should not be held in contempt of court.

The order of court prohibited the defendant Hickman from taking any action against the plaintiff "until further order of the court." Such language is clear. Had the defendant Hickman entertained any doubt as to such order, the proper procedure would have been to seek a modification of such order. Compare *DeRose v. Holcomb,* 226 Ga. 289 (174 SE2d 410). This he did not do, but,

based upon the evidence adduced by the plaintiff, acted in direct violation of such judgment. Accordingly, the judgment holding the defendant Hickman in contempt of court and later overruling his motion for discharge shows no reversible error, since the trial court had jurisdiction of the parties and subject matter when the temporary injunction was granted and such judgment stood unreversed at the time the defendant Hickman was held in contempt of court. Compare *Chipley v. Beeler,* 225 Ga. 7 (165 SE2d 732).

*Judgment affirmed. All the Justices concur.*