### 33126. JONES et al. v. WOLF et al.

NICHOLS, Chief Justice.

This is a title dispute arising over which faction retains the property in a church schism.

On May 27, 1973, a resolution was presented to the congregation of the Vineville Presbyterian Church of Macon seeking to withdraw the church and its property from any affiliation with the Augusta-Macon Presbytery and the Presbyterian Church in the United States and to become an independent, self-governing church pending formation of a new Presbyterian organization and denomination. With a quorum present, the resolution carried by a vote of 165 to 94.

On the same day the Augusta-Macon Presbytery was notified of the resolution, and the pastor of the Vineville church advised the Presbytery of his relinquishment of membership in the Presbytery. Subsequently, a commission of the Presbytery declared those voting in the minority to be the true congregation of the Vineville church and withdrew from the majority as well as the pastor all authority derived from the Presbyterian Church in the United States.

Thereafter, the majority (appellees in the present case) united with the Central Georgia Presbytery of the Presbyterian Church of America, which has no affiliation with the Presbyterian Church in the United States.

Since the vote to withdraw from the Presbyterian Church in the United States, the appellees have at all times retained possession and control of all property and assets of the Vineville church and have caused the names of the minority (appellants in the present case) to be stricken from the church rolls.

In an effort to have the property issue resolved in

federal court, the appellants filed an action in the United States District Court for the Middle District of Georgia, which action was dismissed for lack of jurisdiction. That dismissal was affirmed by the United States Fifth Circuit Court of Appeals. Lucas v. Hope, 515 F2d 234 (1975); reh. den. 523 F2d 1055 (1975). The United States Supreme Court denied certiorari. Lucas v. Hope, 424 U. S. 967 (1976).

Thereafter, appellants brought this action seeking declaratory judgment adjudicating their rights and seeking a permanent injunction preventing appellees from continuing to use the church property in any manner other than as a unit of the Presbyterian Church in the United States. Neither the Augusta-Macon Presbytery nor the Presbyterian Church in the United States is a party to the action.

The case was submitted on briefs and stipulated facts and was decided by the court without the intervention of a jury. After examining all facts essential to the making of a determination, the trial court ruled in favor of appellees and dismissed appellants' complaint. That judgment is affirmed.

Since Presbyterian Church in the U. S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U. S. 440 (89 SC 601, 21 LE2d 658) (1969), civil courts have been forbidden, under First Amendment principles as applied to the states by the Fourteenth Amendment, from resolving church property disputes on questions of an ecclesiastical nature. That case was decided on certiorari from this court and on remand this court abandoned in its entirety the theory that imposed an implied trust on property of a local connectional church for the benefit of the general church, conditioned upon adherence to tenets of faith. *Presbyterian Church in the U. S. v. Eastern Heights Presbyterian Church,* 225 Ga. 259 (167 SE2d 658) (1969). The decision of the Supreme Court of the United States stated there are neutral principles of law, developed for use in all property disputes, which can be applied in resolving church property disputes without resolving underlying controversies over religious doctrine.

In *Carnes v. Smith,* 236 Ga. 30 (222 SE2d 322) (1976),

this court examined developing case law to determine the "neutral principles of law" to be applied in settling church property disputes. *Carnes* relied upon the case of Md. & Va. Eldership v. Church of God at Sharpsburg, 396 U. S. 367 (90 SC 499, 24 LE2d 582) (1970), in which the United States Supreme Court sanctioned examination of language in deeds, applicable state statutes regarding religious corporations, provisions in church constitutions, and the corporate charter of the local church as "neutral principles of law" that appropriately may be considered. The general church constitution in the case at bar is the Book of Church Order (14th Printing, 1972), which was in effect at the time this dispute arose.

The appellants enumerate one error: The trial court erred in finding in favor of the appellees-defendants and in dismissing the complaint of the appellants-plaintiffs.

Appellants contend that because it is stipulated that the appellants and the class they represent are those who remain loyal to the Presbyterian Church in the United States, it follows therefore that they are entitled to the property. In reality, appellants merely are seeking to return to the implied trust theory rejected by the court in *Presbyterian Church in the U. S. v. Eastern Heights Presbyterian Church,* 225 Ga. 259, supra, and are seeking to abandon entirely the "neutral principles" enunciated in *Carnes*. Under *Carnes* more than a mere connectional relationship between the local and general churches must exist to give rise to property rights in the general church.

Applying *Carnes,* does more than a mere connectional relationship between the local and general churches exist according to the record? An examination of the deeds, from the first (1908), shows with but one exception that the grantees were named trustees for the Vineville church taking for the proper use of the Vineville Presbyterian Church. The one exception is a deed naming the Vineville church itself as grantee. There is no language giving the general church any interest in the property. An examination of security deeds executed on behalf of the church (the church borrowed money on numerous occasions) fails to show any grant or acquiescence by any party other than the trustees acting for the Vineville church.

The corporation charter of April 29, 1915, and subsequent revivals, fail to show any interest in the corporation other than that of the congregation.

Appellants rely heavily on Code Ann. §§ 22-5507 and 22-5508 which mandate that property conveyed to a church is vested according to the mode of church government or such rules of discipline exercised by such churches or religious societies respectively, and upon *Carnes,* which held that "The statutes thus mandate that the church property be held according to the terms of the church government." 236 Ga. at 38. However, those statutes do not purport to give a general church any rights in local church property other than those rights set forth in the documents of church government. The Book of Church Order, Chapter 6, entitled "Incorporation and Property of a Particular Church," Sections 6-1, 6-2 and 6-3, fails to give rise to an express trust or any implied trust as defined by the General Assembly. Section 6-2, dealing with incorporated churches within the Presbytery, specifically provides that a church corporation may elect officers to hold and manage local church property and may buy, sell and mortgage such property under the authority and direction of such corporation, the membership of which includes every member of the congregation.

Appellants cite other sections of the Book of Church Order pertaining to church courts. These deal with faith and the internal structure of the church but do not deal with property rights.

This case is distinguishable from *Carnes,* in which this court found an implied trust in favor of the general church, the United Methodist Church, because its book of discipline provided that "title to all real property now owned or hereafter acquired by an unincorporated local church, . . . shall be held by and/or conveyed to its duly elected trustees. . . and their successors in office, . . . in trust, nevertheless, for the use and benefit of such local church and The United Methodist Church." No language of similar import is to be found in the Presbyterian Book of Church Order contained in the stipulations of the parties in the present case.

The trial court found that the Vineville Presbyterian

Church had been a connectional church within the Augusta-Macon Presbytery and the Presbyterian Church in the United States but correctly held that "more than a mere connectional relationship between the local and general church must exist" to give rise to property rights in the general church. See *Carnes v. Smith,* 236 Ga. 30, supra.

The trial court concluded that as a matter of law, the legal title to all the church property of the Vineville Presbyterian Church is vested in the local church congregation represented by the appellees.

The single enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only.*

ARGUED JANUARY 16, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 19, 1978.

*Harris, Watkins, Taylor & Davis, John B. Harris, Jr., T. Reese Watkins, O'Neal, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown,* for appellants.

*Sell, Comer & Popper, Ed Sell, Jr., Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr.,* for appellees.