### 33427. COLES et al. v. WILBURN et al.

PER CURIAM.

Bishop Joseph C. Coles, Jr., and the Christian Methodist Episcopal Church, appeal from a grant of summary judgment in favor of the trustees of the Rucker's Grove Church. The trial court rules that the local church retained the church property after the members voted 153 to 7 to withdraw from the connectional C. M. E. church. We find this case is controlled by *Jones v. Wolf,* 241 Ga. 208 (1978), and *Carnes v. Smith,* 236 Ga. 30 (222 SE2d 322) (1976). We affirm.

In *Carnes v. Smith,* supra, p. 37, we held: "It is thus apparent that as long as no inquiry is made into religious doctrine, statutes, corporate charters, the language in relevant deeds and the organizational constitutions of the denomination qualify as 'neutral principles of law' . . ." which may be considered in resolving church property disputes.

There are two deeds involved: one, to the church property; the other, to the church cemetery. The church tract, deeded in 1892 by James Rucker, is to three named trustees ". . . for and in consideration of the natural love and affection he has for the Methodist Church Col., [sic],

hereby gives grants and conveys to the said . . . trustees . . . all that tract or parcel of land lying and being around the church known as Rucker's Grove . . ." The cemetery parcel, deeded by Charles Mullenix in 1962, is to the Rucker's Grove Methodist Church as grantee. The deeds on their face thus do not support ownership by the C. M. E. Church. See *Carnes v. Smith,* supra; *Presbyterian Church v. Eastern Heights Presbyterian Church,* 225 Ga. 259 (167 SE2d 658) (1969), cert. den., 396 U. S. 1041 (1970).

Code Ann. §§ 22-5507 and 22-5508 allow church property to be held according to the terms of the church government. The C. M. E. church here urges that an implied trust has arisen merely from the long relationship of over 50 years between the local church and the connectional organization. It is clear from *Carnes v. Smith,* supra, however, that this, without more, is insufficient to create an implied trust. In *Carnes,* the United Methodist Church Book of Discipline specifically provided for *an implied trust,* where stated factors were present. *Carnes v. Smith,* supra, pp. 38-39; Book of Discipline, Ch. 6, § I, Part. 1503 (5), p. 461. We find no such provision in the C. M. E. rules, the Doctrines and Discipline of the Christian Methodist Episcopal Church, Bicentennial Edition (May, 1976) (Discipline).[1] *Jones v. Wolf,* supra.

The Discipline does, however, establish guidelines for the holding of church property. Discipline, Part VII, Ch. 1, § 1. The rules require the local church, at the direction of the Quarterly Conference (the pastor of the charge, local preachers and other lay officials of the local churches), to incorporate legally, in conformity with the Discipline. Discipline, Ch. 6, § 1, Par. 264, p. 133. In addition, paragraph 264.1, p. 133, provides that "[w]here local Churches were incorporated prior to the authorized incorporation of the Connection as a whole, they shall deed their property as required and set forth in the book of

---

[1] For the same reason, there is no merit to the contention that an implied trust has arisen under an adverse possession theory, where this relationship with the C. M. E. church has existed for over twenty years.

*Discipline."* The deeds "by which premises are held or hereafter acquired . . . shall contain the following Trust clauses," which create *an express trust* in favor of the C. M. E. Church. Discipline, Ch. 6, § 1, Par. 265, § 4, p. 135. The Discipline thus clearly contemplates the incorporation of the local churches and the creation of express trusts by deed to the general church.

It is uncontroverted that the Rucker's Grove Church is unincorporated and has not deeded its property to the C. M. E. Church.[2] Thus a connectional relationship has not been established under the church rules. Therefore, we find no "neutral principles of law" entitling the C. M. E. Church to the local church and cemetery property. The trial court correctly granted summary judgment in favor of the local church and its trustees.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only.*

ARGUED APRIL 11, 1978 — DECIDED APRIL 25, 1978 — REHEARING DENIED MAY 16, 1978.

*Parks, Jackson & Howell, George L. Howell,* for appellants.

*Heard, Leverett & Adams, Robert A. Johnson,* for appellees.

---

[2] The local church demanded instruments to show otherwise and none were produced by the C. M. E. Church. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974).