## 33126. JONES et al. v. WOLF et al.

NICHOLS, Chief Justice.

1. The decision of this court in *Jones v. Wolf,* 241 Ga. 208 (243 SE2d 860) (1978), has been vacated, and the case has been remanded to this court for further proceedings. Jones v. Wolf, 47 USLW 4962 (1979).

2. Georgia has adopted for use in church local schism cases a "presumptive rule of majority representation, defeasible upon a showing that the identity of the local church is to be determined by some other means." Jones v. Wolf, supra, 47 USLW at 4965. That presumption is overcome under Georgia law by an application of what has come to be known as "neutral principles" of law — that is, "state statutes, corporate charters, relevant deeds, and the organizational constitutions of the denomination." *Crumbley v. Solomon,* 243 Ga. 343 (254 SE2d 330) (1979). In deciding these cases, this court has sought to avoid resolving church property disputes on the basis of religious doctrine and practice. Serbian Eastern Orthodox Diocese v. Milivojevich, 426 U. S. 696, 710 (96 SC 2372, 49 LE2d 151) (1976). Accepting the dictates of a church court that decided which faction had the right of use and enjoyment of church property, based upon church court resolution of matters of religious doctrine or faith, was perceived by this court as being contrary to the spirit of controlling law. Maryland and Virginia Eldership of the Churches of God v. Church of God at Sharpsburg, 396 U. S. 367, 368 (90 SC 499, 24 LE2d 582) (1970); Jones v. Wolf, supra. Now clearly given the choice to opt for either

rule, this court chooses to adopt the rebuttable presumption of majority rule.

3. The parties apparently did not argue the applicability of Code Ann. § 22-5504 in their briefs filed in the Supreme Court of the United States. Appellees had stipulated in the trial court that this section applies only to churches having a congregational form of government. The Supreme Court of the United States has expressed concern about why this section was not discussed in the opinion of this court in *Jones v. Wolf,* supra. Jones v. Wolf, 47 USLW at 4965. The existence of that stipulation is the reason. Code Ann. § 22-5504, like its predecessor, Code Ann. § 22-406, properly is to be construed as being applicable only to churches having a congregational form of government. See *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734) (1952).

In applying Code Ann. §§ 22-5507 and 22-5508 to the present litigation, this court is not concerned with the procedure by which factions within the local church and the national church decide which persons are "true believers" or "adherents to the true faith." Rather, church documents will be considered only insofar as they determine or assist in the determination of the persons who are "entitled to possess and enjoy the property located at 2193 Vineville Avenue in Macon, Ga." Jones v. Wolf, 47 USLW 4962, at 4963. Stated otherwise, the only question for the courts is "which of the factions within the local congregation has the right to control the actions of the titleholder, and thereby to control the use of the property . . ." Jones v. Wolf, supra at 4966. The church documents in the present case speak to resolution of doctrinal disputes. They are silent as to which persons have the right to enjoy and to use the church property in the event of a schism at the local level.

4. After our decision in *Jones v. Wolf,* 241 Ga. 208, supra, this court applied the "neutral principles doctrine" in a case in which two local church factions were aligned against each other in litigation while the national church chose to align itself with the one local group against the other. *Crumbley v. Solomon,* supra. The Supreme Court of the United States has permitted Georgia to apply the principle of presumptive majority rule to local schism

cases, provided only that this court shall articulate the method by which this presumption may be overcome. Jones v. Wolf, 47 USLW at 4965. The presumption may be overcome by reliance upon neutral statutes, corporate charters, relevant deeds, and the organizational constitutions of the denomination. *Crumbley v. Solomon,* supra at 343. A review of those sources discloses no provision that would rebut the Georgia presumption of majority rule as to the right to control the actions of the titleholder—that is, as to the right to possess, enjoy and control the use of these church premises. This silence distinguishes the present case from *Crumbley v. Solomon,* supra.

5. The judgment of the trial court is affirmed for the reasons stated in this opinion.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 1979.

*Harris, Watkins, Taylor & Davis, John B. Harris, Jr., T. Reese Watkins, O'Neal, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown,* for appellants.

*Sell, Comer & Popper, Ed Sill, Jr., Jones, Cork, Miller & Benton, Wallace Miller, Jr., W. Warren Plowden, Jr., Frank C. Jones,* for appellees.