610 P.2d 182 (1980)
The Reverend Clark A. TEA, Jr. et al., Appellants,
v.
The PROTESTANT EPISCOPAL CHURCH IN the DIOCESE OF NEVADA, a corporation, and The Right Reverend Wesley Frensdorff, Respondents.
No. 11378.
Supreme Court of Nevada.
April 30, 1980.
Franklin, Bixler & Damus, Chtd., and George E. Franklin, Las Vegas, for appellants.
Alvin N. Wartman, Las Vegas, and Samuel B. Francovich, Reno, for respondents.

OPINION
MOWBRAY, Chief Justice:
This is a declaratory judgment action to determine title to church property. The trial court concluded that respondents, the Episcopal Diocese of Nevada and the Bishop of Nevada, had the right to control property held in the name of a local church and therefore decreed that respondents were entitled to possession of the property. This appeal followed; we affirm.
The real property in question is the church of St. Christopher in Boulder City (together with insurance proceeds collected as a result of a fire in the church building). The property was originally leased to the *183 Bishop of Nevada, a corporation sole, by the municipality of Boulder City in 1961. In 1962, the local congregation of St. Christopher's Church was incorporated as "The Rector, Church Wardens, and Vestrymen of St. Christopher's Episcopal Church in Boulder City, Nevada," (hereinafter "The Rector"), pursuant to NRS 82.300, which specifies that corporate name for "any church or religious congregation in communion with the Protestant Episcopal Church." The Bishop of the Episcopal Diocese then assigned all of his rights under the lease to the corporation, as "a corporation of the Protestant Episcopal Church." In 1971, NRS 82.295 was enacted, 1971 Nev. Stats. ch. 23, which permitted the incorporation of the Episcopal Diocese of Nevada. The Diocese was then incorporated, to include "all missions and parishes of the Episcopal Church within the State of Nevada." NRS 82.2951.
On January 20, 1977, the municipality of Boulder City quitclaimed the property to the corporation, "The Rector." On January 23, 1977, a parish meeting was held, at which a majority of the voting members[1] passed a resolution declaring "that St. Christopher's Church affirms that it is no longer a part of, or in communion with, the Protestant Episcopal Church in the United States of America, or the Diocese of Nevada... ." On January 24, 1977, the quitclaim deed of the church property was recorded.
Pursuant to the internal procedures of the Episcopal Church, the Bishop of Nevada deposed appellant Tea as Rector of St. Christopher's, and assumed the position of rector himself, under the authority conferred upon him by the regulations of the Episcopal Church to assume vacant rectories. The Bishop and the Diocese of Nevada then brought the instant action in district court for a declaration that the church property was held by the corporation "The Rector" in trust for the benefit of the Diocese and the national church. The appellants, the former rector of St. Christopher's and certain members of the vestry of the parish who had supported the resolution to secede from the national church, defended on the ground that the district court had "no jurisdiction to determine controversies involving religious doctrine." Appellants also objected to the admission in evidence of the Constitution and Canons of the Protestant Episcopal Church, as involving an inquiry by the court into questions of doctrine.
Following a trial to the court, the district court found that the Episcopal Church structure is hierarchical, that the corporation "The Rector" had acceded to the Constitution and Canons of the national Episcopal Church, and that therefore the local parishes held title to their property "subject to the superior authority of the Diocese of Nevada." The court concluded that both the Constitution and Canons of the national church and the statutory provisions for the incorporation of local parishes and the Diocese of Nevada granted the respondent Diocese the right to control property held by local parishes in the corporate name specified by the statute, and it therefore declared that the Bishop and the Diocese were entitled to possession of the church property in question as the legal representatives of the corporation "The Rector," the record owner of the property.
On appeal, the former rector and the secessionist party of St. Christopher's contend that the First and Fourteenth Amendments to the United States Constitution forbid the civil courts of this state to inquire into questions of religious doctrine, including any inquiry into the manner in which church property is held, beyond the scrutiny of the name in which the title is vested.[2] We cannot agree.
*184 The district court held, and we agree, that the courts of this state should defer to the decision of responsible ecclesiastical authorities, under the internal discipline of the organization to which the local congregation has voluntarily subjected itself. Jones v. Wolf, 443 U.S. 595, 600, 601, 612, 613, 99 S.Ct. 3020, 3024, 3030, 61 L.Ed.2d 775 (1979); Serbian Orthodox Diocese v. Milivojevich, 426 U.S. 696, 724-25, 96 S.Ct. 2372, 2387, 49 L.Ed.2d 151 (1976); Watson v. Jones, 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1871). This rule of deference, adopted to avoid entanglement with questions of religious doctrine, is not constitutionally impermissible. Jones v. Wolf, 443 U.S. 595, 99 S.Ct. 3020.
The district court, in the instant case, determined from the regulations of the Episcopal church polity that the church is hierarchical in structure, and that the state statutes relating to the incorporation of parishes and the internal regulations of the church polity provide that local congregations hold property subject to a trust in favor of the general church. See Carnes v. Smith, 236 Ga. 30, 222 S.E.2d 322, cert. denied, 429 U.S. 868, 97 S.Ct. 180, 50 L.Ed.2d 148 (1976) (awarding property to denominational church); Presbyterian Ch. In U.S. v. Eastern Heights Pres. Ch., 225 Ga. 259, 167 S.E.2d 658 (1969), cert. denied, 396 U.S. 1041, 90 S.Ct. 680, 24 L.Ed.2d 685 (1970) (awarding property to local church). There is no indication in our statutes or in the relevant documents of church government that a majority of a local congregation could withdraw from the denomination and retain control of property held in the name of the local church corporation. See Church of God in Christ, Inc. v. Cawthon, 507 F.2d 599 (5th Cir.1975); cf. Maryland and Virginia Eldership v. Church of God, 254 Md. 162, 254 A.2d 162 (1969), appeal dismissed, 396 U.S. 367, 90 S.Ct. 499, 24 L.Ed.2d 582 (1970) (finding that local congregations held property without control by ecclesiastical superiors). The superior authorities of the hierarchical church in the instant case, in proceedings which are not claimed to be the product of fraud or collusion, Serbian Orthodox Diocese v. Milivojevich, 426 U.S. at 713, 96 S.Ct. at 2382, have put appellants outside the statutory definition of the corporation "The Rector" by severing communion with them, and have thus identified the "true" local congregation as the faction which remains loyal to the national and diocesan church. Having determined that the responsible authority in the church hierarchy had asserted control over the property in question, and that nothing in the internal regulations of the church or in the statutes of this state indicated that a local congregation could withdraw from the general church and retain control of church property, the district court properly deferred to the ecclesiastical authority's decision as to identity of the organization representing the corporation "The Rector". We perceive no error in the district court's conclusion that respondents are entitled to possession of the church property in question.
Therefore, the decree of the district court is affirmed.
THOMPSON, GUNDERSON, MANOUKIAN and BATJER, JJ., concur.
NOTES
[1] Some evidence of irregularities in qualifying parishioners to vote on the question was introduced in the district court. Since neither party has raised the issue of the regularity of the voting in this court, we need not address the question.
[2] Appellants did not challenge the constitutionality of the statutes relating to the incorporation of parishes in the district court, nor do they here.