## 39582. REDDICK et al. v. JONES et al.

BELL, Justice.

This is an appeal from an order finding that the board of directors of the Thankful Baptist Church, Inc. (TBC), a nonprofit Georgia corporation, acted without authority in firing the church's pastor.

TBC's pastor, M. J. Jones, was hired on a year-to-year contract. A dispute developed between Jones and certain members of the congregation, and at a May 4, 1982 meeting of the congregation, Jones succeeded in having it vote to retain his services "for an indefinite period," and to "silence" four of his opponents. "Silencing," a rough equivalent of excommunication, is an ecclesiastical procedure and is not in the corporate bylaws. One of the effects of silencing is to deprive a person of his right to vote as a church member.

In response, the dissidents called a special meeting of the board of directors on July 15, 1982, and voted to fire Jones. The pastor and four TBC members loyal to him filed suit against ten of Jones' opponents seeking temporary and permanent injunctions on the grounds that the defendants were interfering with Jones' rights to the benefits of his office and were wasting the church's assets. A temporary restraining order was granted, then was vacated on July 30

by an interlocutory injunction which in part directed the board of directors to compile a membership list and hold a general membership meeting by August 9, 1982. On August 16 appellants moved to dismiss the action, and their motion was heard August 31. The trial court treated this hearing as a final hearing on the merits, and on September 24 issued an order denying the motion to dismiss and finding that under Article I of the bylaws the pastor could be removed only by a majority vote of the congregation and that the board of directors acted without authority by attempting to terminate the employment of Jones. The order did not address appellees' prayers for injunction. On October 1 the court issued a supplemental order spelling out that the September 24 order was a final judgment on the merits, and entered an OCGA § 9-11-62 (c) (Code Ann. § 81A-162) injunction to preserve the status quo during the pendency of this appeal. Unlike the July 30 order, none of the September 24 or October 1 orders contained any direction to compile a membership list or to hold a special meeting of the general congregation. The special meeting was never held, and the record does not indicate that a membership list was compiled.

Defendants appeal. We affirm.

1) Appellants claim that the board of directors had authority to fire Jones.

This church dispute involves property rights, see *Gervin v. Reddick,* 246 Ga. 56, 57 (268 SE2d 657) (1980), and in resolving such controversies Georgia has adopted a presumptive rule of majority representation which can be overcome by the application of neutral principles of law such as state statutes, corporate charters, relevant deeds, and the organizational constitutions of denominations, *Jones v. Wolf,* 244 Ga. 388 (260 SE2d 84) (1979). TBC is a congregational church, and the parties agree that if applicable neutral principles of law exist, they will be found in statutes and TBC's charter and bylaws. Article I of the corporate bylaws is entitled, "Members." Article I, Sec. 1 of the bylaws provides that all active members of the TBC congregation (except, presumably, those who have been silenced) are members of the corporation. Article I, Sec. 6 states that "When there is discord and dissention between the pastor and the corporation wherein peace cannot prevail, the corporation shall ask for the resignation of the pastor." Considering Art. I as a whole, we find that the term "corporation" in Sec. 6 means the entire membership of the corporation acting through majority vote. Although Art. III, Sec. 3 states that the board of directors shall regulate and supervise the day-to-day management of the corporation and that any power not exercised by the general membership shall belong to the board of directors, we conclude that

under Art. I, Sec. 6 the right to terminate a pastor's employment is reserved to the general membership, and that the board of directors had no such authority.

2) Appellants also express their concern about the July 30, 1982 order of the trial court. They argue that its provisions requiring them to compile a membership list and hold a special meeting represent an attempt to regulate TBC's internal affairs and as such violate the constitutional doctrine of separation of church and state, and that therefore we should vacate the order.

We first note that the record shows that prior to the issuance of the July 30 order appellants conferred with appellees and the court, and agreed to the order's terms, including the provisions they now challenge. Assuming they did not thereby waive their objection, it appears that the court erred, since the scope of the disputed directions clearly went beyond issues of property and hence exceeded the court's jurisdiction. *Gervin,* supra, (5). However, we need not reach either issue because the order was provisional and stood dissolved upon entry of the September 24, 1982 judgment. 43A CJS 590, Injunctions, § 263.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 1983.

*Calhoun, Hubbard, Riddle & Cox, Walter W. Ballew III,* for appellants.

*Floyd Mincey,* for appellees.