44734. FIRST EVANGELICAL METHODIST CHURCH OF LAFAYETTE v. CLINTON et al.
(360 SE2d 584)

WELTNER, Justice.

A majority of the congregation of a local church known as First Evangelical Methodist Church, Lafayette, Georgia, voted to withdraw from the connectional church, known as the Evangelical Methodist Church. This dispute concerns the ownership of certain real property, previously possessed and used by the local church.

Our inquiry must be as to neutral principles of property law, with no admixture of doctrinal concerns. *Jones v. Wolf*, 244 Ga. 388 (260 SE2d 84) (1979), *Reddick v. Jones*, 251 Ga. 195 (304 SE2d 389) (1983). Accordingly, we look to the provisions of the deeds that conveyed the two properties involved to the local church.

1. The deed conveying the church building and adjoining land provides: "The aforesaid property is conveyed to the Trustees above-named as Trustees of First Evangelical Methodist Church, Lafayette, Georgia, affiliated with the Evangelical Methodist Church of Abiline, Texas, and other places, it is understood that this conveyance is made to the Trustees hereinbefore named as Trustees in connection with the affiliations aforesaid and that said connection is to be maintained in the use of the property herein conveyed."

Having severed all relationship with the connectional church (to the extent of changing its name to "Christ Chapel, Lafayette, Georgia"), it is plain that the local congregation is no longer "in connection with the affiliations aforesaid," and that the "said connection" is not "maintained in the use of the property herein conveyed." It follows that title to the church parcel must be declared vested in the connectional church, and that the local congregation, by virtue of the severance of its connection therewith, must be held to have forfeited its right of use and possession. Compare *Presbyterian Church in the United States v. Eastern Heights Presbyterian Church*, 225 Ga. 259 (167 SE2d 658) (1969).

2. The second parcel of property — the parsonage — was conveyed by a separate instrument that provided that the property be held "in trust, that said premises shall be held, kept and maintained as a place of residence for the use and occupancy of the ministers of the First Evangelical Methodist Church, Lafayette, Georgia, who may from time to time be entitled to occupy the same by appointment, subject to the Discipline of said Church." Thereafter, the parsonage property was reconveyed by the local church to the original grantor, and then deeded once more to the local church by an instrument containing no restriction regarding its use.

It will be seen that the application of neutral property principles must yield a contrary result as to this parcel. Here, there is no mention in the deed of the connectional church, but rather there is conveyance to the local church. Accordingly, the parsonage tract remains the property of the local congregation. *Jones v. Wolf*, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 1, 1987.

*Gleason & Davis, Frank M. Gleason, John W. Davis, Jr.*, for appellant.

*Hill & Henry, F. Bryant Henry, Jr.*, for appellees.