A96A0555. FIRST BORN CHURCH OF THE LIVING GOD, INC. et al. v. BANK SOUTH, N.A. et al.
(472 SE2d 469)

Judge Harold R. Banke.

Bank South ("the Bank") instituted an interpleader and declaratory action to protect itself from the potential of multiple liability concerning a dispute as to who was authorized to control certain Bank accounts belonging to First Born Church of the Living God, Inc. ("the Church"). The Bank's action required the named parties to interplead and set forth their claims and asked the trial court to determine who had the legal authority to control the Church's corpo-

rate bank accounts.[1] The Church and Senior Bishop Albert Hill appeal the trial court's determination.

The Church is a non-profit corporation governed by the laws of the State of Georgia, its own articles of incorporation, and its constitution. The constitution states that it is the supreme law of the Church. The executive board ("Board") of the Church met on November 28, 1994, in response to an emergency situation. At the meeting, the Board, by at least a two-thirds majority, replaced Senior Bishop Albert Hill and designated Bishop W. L. Johnson as the new Senior Bishop. The Board resolved that the business and affairs of the Church be managed by the Board together with the new Senior Bishop. The Board also modified its bank resolution and stated that any checks or withdrawals written on any interest-bearing accounts "should not be honored without the approval of Bishop W. L. Johnson." After conducting a hearing, the trial court determined that the Board was authorized to hold the November 28, 1994 meeting, and held that "assuming said meeting was properly conducted, any action taken at such meeting, pursuant to said Constitution, is valid and binding." *Held*:

The Church's sole enumeration of error is that the trial court erred in directing the Bank to administer the accounts in accordance with the instructions of the Board because the trial court assumed without determining that the proceedings of the Board were procedurally correct. We agree. At the outset, we note that the resolution of this dispute does not necessitate an impermissible intrusion or excessive entanglement into ecclesiastical matters. See, e.g., *McDonnell v. Episcopal Diocese of Ga.*, 191 Ga. App. 174 (381 SE2d 126) (1989). The sole issue is not of a religious nature but is secular — whether the Board at its emergency meeting duly complied with the provisions of the written constitution. This Court's involvement does not call for the resolution of any ecclesiastical or theological dispute. See *Jones v. Wolf*, 443 U. S. 595, 599-602 (99 SC 3020, 61 LE2d 775) (1979); *Gervin v. Reddick*, 246 Ga. 56, 57 (2) (268 SE2d 657) (1980). The Church is an incorporated non-hierarchical church and its constitution controls its decisions and local Church property. See *Jones v. Wolf*, 244 Ga. 388 (260 SE2d 84) (1979); *Crocker v. Stevens*, 210 Ga. App. 231, 233 (2) (435 SE2d 690) (1993). The underlying dispute involves the control of Church property. See *Gervin*, 246 Ga. at 57. At issue is whether the Board followed the requisite procedures when it changed the administration of Church accounts with the Bank.

Pursuant to Article 34 (C) (3) of the Church constitution, the

---

[1] The other appellees are: Bishop W. L. Johnson, Bishop J. Thompson, Elder W. Bankston, Elder H. Cohen, Elder J. C. Howard, Elder J. J. Liton, Elder C. C. Singleton, and Elder John Thomas.

Board was authorized to hold the November 28, 1994 meeting. However, according to Article 34 (D), "Legislative Procedures," "Any legislation passed by the Board shall then be presented to the Senior Bishop for his approval and signature. If the legislation or any part of it fails to meet his approval, it is his [the Senior Bishop's] privilege to veto the same and send it back to the Board, along with his reasons for the veto. The legislation must then be revoted upon by the full Board, and must be passed by a two-thirds (⅔) majority before it can become law." Id. This constitutional procedure is analogous to the presentment clause, Art. I, Sec. VII of the United States Constitution. The evidence indisputably shows that the Board failed to follow the procedural requirements of the Church constitution when it transacted its business because no legislation was ever presented to Senior Bishop Hill for his approval and signature. According to the minutes titled "Executive Board Special Session," the Board anticipated that Senior Bishop Hill, who was absent, would veto several measures so the Board repassed each one by a two-thirds or greater majority vote.[2] No authority has been offered and no exceptions in the constitution have been cited which would authorize the Board to deviate from the binding written legislative procedures required by the Church's constitution. Although Article 34 (A) states that an action by the Board "becomes effective immediately upon passage, unless otherwise stated in the legislation," this article does not state that it supersedes the express requirements controlling the enactment of legislation in Article 34 (D). The evidence further shows that the Board failed to comply with the provisions of Article 34 (F) with respect to the removal of Senior Bishop Hill. Articles 34 (F) and 39 (F) specify the procedures for removal from office. Article 34 (F) of the constitution of the Church entitled Senior Bishop Hill to a written copy of any charge(s), an opportunity to prepare his defense, the right to obtain counsel, and a hearing before the Board. The Board failed to follow any of these requirements. See *Reddick v. Jones*, 251 Ga. 195, 196 (1) (304 SE2d 389) (1983) (board of directors of church could not violate the corporate bylaws which reserved the right to terminate pastor's employment to general membership not board of directors).

Although the Board properly acted within its authority to initiate the emergency session and had the apparent authority to act in furtherance of the affairs of the corporation, the Board failed to adhere to the requisite legislative procedures in the conduct of business. Therefore, the actions at issue here, taken in violation of the

---

[2] W. L. Johnson signed the resolutions passed by the Board as a member of the Board, not as the Senior Bishop.

express legislative procedures required by the Church's constitution were not validly enacted. See id. at 196 (1).

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 18, 1996 — 

*J. Edwin Peavy*, for appellants.

*Simon, Booth & Cook, William M. Simon, Gibson & Spivey, D. Lamar Gibson*, for appellees.