S97A0119. FIRST BORN CHURCH OF THE LIVING GOD, INC.
v. HILL et al.
(481 SE2d 221)

CARLEY, Justice.

The First Born Church of the Living God, Inc. (Church) is a hierarchical religious organization whose membership includes Ronald Hill and the other appellees (Members). Invoking OCGA § 14-3-703 (a) of the Georgia Nonprofit Corporation Code (GNCC), Members filed this action to compel an annual meeting of the Church membership. After conducting a hearing, the trial court ordered the Church to call an annual meeting and, pursuant to OCGA § 14-3-703 (c), also awarded attorney's fees to Members. From that order of the trial court the Church brings this appeal.

1. OCGA § 14-3-701 (a) provides that a Georgia nonprofit corporation "shall hold a meeting of members annually at a time stated in or fixed in accordance with the bylaws." However, the Church constitution provides only that its membership shall meet in a General Assembly every four years. The GNCC provides that, if any of its provisions is inconsistent with religious doctrine governing a nonprofit corporation's affairs "on the same subject, the religious doctrine shall control to the extent required by the Constitution of the United States or the Constitution of this state or both." OCGA § 14-3-180. Accordingly, the issue to be determined is whether the frequency with which the Church's membership meets is a matter of religious doctrine having constitutional precedence over the inconsistent statutory provisions of OCGA § 14-3-701 (a). See *Green v. Westgate Apostolic Church,* 808 SW2d 547, 552 (Tex. App. 1991).

The purpose of the annual meeting mandated by OCGA § 14-3-701 (a) is for the membership to consider and act on corporate matters. OCGA § 14-3-701 (d). However, this purpose could not be served

by an annual meeting of the membership of a hierarchical church. A hierarchical church is not governed by its membership, but is controlled, instead, by a ruling convocation or an ecclesiastical head. *Crumbley v. Solomon*, 243 Ga. 343, 344 (254 SE2d 330) (1979). Under its constitution, the Church is governed by an Executive Board and the Senior Bishop who are elected by the membership at the Church's General Assembly. Accordingly, the Church membership has no right to direct control over Church affairs, such as would be exercised at an annual meeting contemplated by OCGA § 14-3-701 (a). The Church constitution affords its membership only indirect control over Church affairs through the right to vote for the Executive Board and Senior Bishop at the Church General Assembly held every four years.

As a matter of constitutional law, a hierarchical religious organization must be permitted to establish the rules and regulations by which it is governed. *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U. S. 696, 724 (IV) (96 SC 2372, 49 LE2d 151) (1976). Under the rules and regulations established by the Church, as a hierarchical religious body, it cannot be governed directly by its membership. It follows that an annual meeting as contemplated by OCGA § 14-3-701 would be totally inconsistent with the Church's fundamental religious freedom, as a hierarchical religious body, to determine its own governmental rules and regulations. Compare *First Born Church of the Living God v. Bank South*, 221 Ga. App. 739 (472 SE2d 469) (1996) (dispute over church property, rather than an ecclesiastical or theological issue). Members have no legal right to wrest the governing of the Church from the elected Executive Board and the Senior Bishop by obtaining court-ordered annual meetings conducted in accordance with OCGA § 14-3-701 (a). "[R]eligious freedom encompasses the 'power (of religious bodies) to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.'" *Serbian Eastern Orthodox Diocese v. Milivojevich*, supra at 721-722 (III). The trial court's order that the Church call for an annual meeting of its membership in accordance with OCGA § 14-3-701 (a) constitutes an unconstitutional judicial interference in the government of the Church and that order must be reversed.

2. OCGA § 14-3-703 (c) provides that, if an annual meeting is ordered, the trial court "may also order the corporation to pay the member's or other person's costs (including reasonable counsel fees) incurred to obtain the order." Since, for the reasons discussed in Division 1, the trial court was not authorized to order the Church to hold an annual meeting, it likewise was not authorized to award attorney's fees to Members pursuant to OCGA § 14-3-703 (c).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 24, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

*Simon, Booth, Cook & Cardillo, William M. Simon,* for appellant.

*Leon A. Wilson II, J. Mark Hatfield,* for appellees.