A98A0361. BLEDSOE v. MORNINGSIDE BAPTIST CHURCH OF ATLANTA.
(501 SE2d 292)

POPE, Presiding Judge.

John Bledsoe, the former pastor of Morningside Baptist Church, sued Morningside Baptist, alleging that it wrongfully terminated his employment in violation of the church's constitution and bylaws. The superior court granted Morningside Baptist's motion for summary judgment, finding that it had no jurisdiction pursuant to the First Amendment of the United States Constitution since Bledsoe was asking that the court interpret ecclesiastical rules of the church. The court also concluded that Bledsoe was an employee at will and that he had no cause of action against the church for wrongful termination. Here Bledsoe appeals, arguing that factual issues remain and that the court's findings were erroneous. Because we agree with the superior court that it lacked jurisdiction to consider this matter, we affirm.

The case arose from the following undisputed facts. Morningside Baptist is a Southern Baptist Church, which is governed by a constitution and bylaws. Those bylaws provided that the "Pastor shall be called for as long a period of time as mutual satisfaction shall prevail."

John Bledsoe became the pastor of Morningside Baptist in 1987. On January 16, 1994, 46 of the 59 Morningside Baptist church members who were present at the January church conference voted to terminate Bledsoe's employment as pastor. Following this meeting, Bledsoe's attorney wrote the church claiming that the termination was improper because it did not conform to the rules set forth in the church constitution and bylaws. Bledsoe's attorney claimed that

those rules mandated that the personnel committee or the Board of Deacons recommend the pastor's discharge to the congregation; the letter stated that the church membership's authority to discharge Bledsoe was limited by the constitution and bylaws. In response to this letter, the Board of Deacons met on February 7 and approved the actions of the church conference and recommended that the conference vote to reaffirm its previous decision. Accordingly, at its February meeting, pursuant to the Board's recommendations, the church conference voted to reaffirm its previous termination of Bledsoe.

Bledsoe filed suit claiming that he was improperly terminated. The church filed an answer, claiming that Bledsoe's termination was proper. The church claimed that "just cause" for Bledsoe's termination could be found in part from his failure to attend to "the individual spiritual and emotional needs of the congregation" and his failure "to minister in a manner consistent with the church's view of the best method for preaching the Christian Gospel."

The threshold question in this case is whether the superior court had jurisdiction. Citing *First Born Church of the Living God v. Bank South*, 221 Ga. App. 739 (472 SE2d 469) (1996), Bledsoe argues that resolution of this dispute does not constitute an impermissible intrusion by the court into ecclesiastical matters. Bledsoe argues that this dispute involves property rights — a permissible category of court inquiry. See generally *Kidist Mariam &c. Church v. Kidist Mariam &c. Church*, 219 Ga. App. 470, 473 (1) (465 SE2d 491) (1995); *Anderson v. Dowd*, 268 Ga. 146 (1) (485 SE2d 764) (1997).

We affirm the superior court's conclusion that it lacked jurisdiction. "The case of *Serbian Eastern Orthodox Diocese v. Milivojevich*, [426 U. S. 696, 710 (96 SC 2372, 49 LE2d 151) (1976)], involved the church's removal of the bishop, as well as his ultimate defrocking, and the reorganization of the diocese into three dioceses. The Supreme Court held that the Illinois state courts contravened the First and Fourteenth Amendments by engaging in improper inquiries into ecclesiastical matters, a prohibited zone even though some property questions were involved. That decision, and those upon which it is built, constitute the firm foundation upon which the unavoidable conclusion must be reached in this case, which is that it involves a religious dispute the resolution of which does not belong in the civil tribunal. . . . The Supreme Court in *Serbian Orthodox Diocese* crystallized the constitutional mandate 'that civil courts are bound to accept the decisions of the highest judicatories of a religious organization of hierarchical polity on matters of discipline, faith, *internal organization*, or ecclesiastical rule, custom, or law.' 426 U. S. 713. What is involved here falls within that territory, which must remain foreign to civil tribunals." (Emphasis supplied.) *McDonnell v. Episcopal Diocese*, 191 Ga. App. 174, 177 (381 SE2d 126) (1989)

(physical precedent only).

"As quoted by this court in *Monahan* [*v. Sims*, 163 Ga. App. 354, 359 (2) (294 SE2d 548) (1982)], from *Kedroff v. St. Nicholas Cathedral*, 344 U. S. 94, 116 (73 SC 143, 97 LE 120) (1952): 'Freedom to select the clergy, where no improper methods of choice are proven, we think, must now be said to have federal constitutional protection as a part of the free exercise of religion against state interference.' As demonstrated by *Serbian Eastern Orthodox Diocese*, the removal of the clergy is also an ecclesiastical matter even when property is involved." *McDonnell v. Episcopal Diocese*, 191 Ga. App. at 177. Accordingly, the superior court correctly determined that it lacked jurisdiction to consider the matter. See generally *First Born Church of the Living God v. Hill*, 267 Ga. 633 (481 SE2d 221) (1997) (determining that a superior court's order compelling an annual meeting of the church membership constituted unconstitutional judicial interference in the government of the Church).

This case is distinguishable from *Reddick v. Jones*, 251 Ga. 195 (304 SE2d 389) (1983), and *Hickman v. Booker*, 231 Ga. 129 (200 SE2d 279) (1973). In *Reddick*, the pastor had a year-to-year employment contract, whereas in this case no such contract was involved. In *Hickman*, the pastor of one church filed a complaint to enjoin the bishop of another church "from interfering with his performing his duties and receiving the benefits of his office as pastor. . . ." *Hickman*, 231 Ga. at 129. In this context, our Supreme Court concluded that "the pastor's salary was a sufficient, disputed property interest to allow the court to assume jurisdiction." See *Gervin v. Reddick*, 246 Ga. 56, 57 (268 SE2d 657) (1980). In this case, Bledsoe's salary is only peripheral to the main issue of the case — whether Bledsoe was properly terminated. And the determination of whether Bledsoe was properly fired was not a question properly before the superior court.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 8, 1998.

*John F. McClellan, Jr.*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr.*, for appellee.