S98A1121. ST. PAUL MERCURY INSURANCE COMPANY
v. MEEKS et al.
(508 SE2d 646)

HINES, Justice.

St. Paul Mercury Insurance Company (St. Paul) appeals the denials of its motions for directed verdict and for judgment notwithstanding the verdict on its claims of unjust enrichment and constructive trust in its suit against A. P. Meeks, Jr. For the reasons that

follow, we affirm.

A. P. Meeks, Jr. is the husband of Cona Meeks, who was employed by Alma Exchange Bank. After certain credit card accounts in her control were discovered to be out of balance, the bank arranged for an independent audit which concluded that Ms. Meeks had embezzled over $372,000 between 1988 and 1991. She pled guilty to 273 counts of embezzlement and three counts of income tax evasion. At her plea hearing, Ms. Meeks stated that she embezzled $272,000, and restitution was ordered in the amount of $272,838.35.

St. Paul insured the bank against losses from embezzlement and, as the bank's assignee, brought an action against the Meeks to recover the loss. The court granted St. Paul partial summary judgment against Ms. Meeks for $272,000, based on her guilty plea. The case was tried on St. Paul's claim for $100,000 from Ms. Meeks, the amount it contended was embezzled beyond that for which summary judgment was granted. St. Paul also sought a judgment against Mr. Meeks for unjust enrichment, contending that $138,000 of the embezzled funds inured to his benefit, and sought the imposition of a constructive trust. Using a special verdict form, the jury found that Ms. Meeks was not liable to St. Paul for any sum beyond the $272,000 for which the court had already granted summary judgment, and that Mr. Meeks was not liable at all. The court entered judgment on the verdicts.[1]

1. St. Paul contends that the evidence demanded the finding that Mr. Meeks was unjustly enriched at the expense of the bank, and hence St. Paul, because the proceeds of his wife's embezzlement were used to pay debts for which Mr. Meeks would otherwise have been liable. However, a directed verdict is appropriate only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict. OCGA § 9-11-50 (a); *Norfolk Southern Corp. v. Smith,* 262 Ga. 80, 82 (2) (414 SE2d 485) (1992). The same standard applies to a motion for judgment notwithstanding the verdict. See *Goggin v. Goldman,* 209 Ga. App. 251, 252 (433 SE2d 85) (1993). The evidence did not demand a verdict in favor of St. Paul.

Unjust enrichment is an equitable concept and " 'applies when as a matter of fact there is no legal contract . . ., but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for.' " (Citations omitted.) *Engram v. Engram,* 265 Ga. 804, 807 (2) (463 SE2d 12) (1995). Ms. Meeks testi-

---

[1] St. Paul enumerates error only as to its claims against Mr. Meeks.

fied that she did not embezzle any money and that she lied when she pled guilty to the criminal charges of embezzlement. Mr. Meeks testified that the couple had sources of income other than their salaries, that the debts in question were not paid with embezzled funds, and that he had no knowledge of any benefits flowing to him from any embezzled funds. When St. Paul questioned Mr. Meeks about the large amount of money that went through his checking account, he testified that it probably came from his mother.

Assessing the credibility of witnesses and weighing the evidence are functions for the jury, not this Court. *Williams v. Kennedy*, 240 Ga. 163, 165 (4) (240 SE2d 51) (1977). Even assuming the jury was constrained to find that, contrary to Ms. Meeks' testimony in this trial, embezzlement actually occurred,[2] there was evidence from which the jury could find that Mr. Meeks' debts were not paid with embezzled funds, and hence he was not unjustly enriched as claimed. Therefore, it was not error to deny St. Paul's motions for directed verdict and for judgment notwithstanding the verdict.

2. St. Paul also urges error in the failure of the court to grant a directed verdict and a judgment notwithstanding the verdict on the issue of imposition of a constructive trust. However, a constructive trust is a remedy created by a court in equity to prevent unjust enrichment. *Lee v. Lee*, 260 Ga. 356 (392 SE2d 870) (1990). Such a trust is impressed upon property when it is against equity that the person holding title to the property be allowed to enjoy the beneficial interest in the property. OCGA § 53-12-93 (a); *Ga. Dist. Council of the Assemblies of God v. Atlanta Faith Mem. Church*, 267 Ga. 59, 61-62 (4) (472 SE2d 66) (1996). As such, it is not an independent cause of action available to St. Paul, but a device by which property might be recovered if St. Paul's unjust enrichment claim were to prevail. The court therefore did not err in denying St. Paul's motions based on the theory of constructive trust.

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Linda A. Klein, Leo J. Fogarty*, for appellant.
*Jimmy J. Boatright*, for appellees.

---

[2] The jury was not instructed that Ms. Meeks' guilty plea to embezzlement charges was conclusive that embezzlement had actually occurred. See *Merritt v. State Farm Fire &c. Co.*, 218 Ga. App. 652 (463 SE2d 42) (1995). The failure to do so is not enumerated as error.